| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| NATIONAL FAIR HOUSING ALLIANCE; FAIR HOUSING JUSTICE CENTER, INC.; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; FAIR HOUSING COUNCIL OF GREATER SAN ANTONIO,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>　　　　　　　　　Defendant. | Index No: 18 Civ. 2689<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO TRANSFER VENUE, OR ALTERNATIVELY TO DISMISS PLAINTIFFS' COMPLAINT |

# REQUEST FOR JUDICIAL NOTICE

## I.   INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Facebook, Inc. ("Facebook") respectfully requests that this Court take judicial notice of the following documents submitted in support of Facebook's Motion to Transfer Venue, or Alternatively to Dismiss Plaintiffs' Complaint ("Motion"):

1. Facebook's "Discriminatory Practices" subpage of its "Advertising Policies" webpage, attached as Exhibit A to the Declaration of Rosemarie T. Ring ("Ring Declaration") filed concurrently herewith.

2. Facebook's "Advertising Policies" webpage, attached as Exhibit B to the Ring Declaration.

1

## II. ARGUMENT

Facebook's Motion can and should be granted regardless of whether the Court takes judicial notice of the documents, which simply provide additional "factual background of the case" and support for the arguments advanced in the motion. *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam). Under Second Circuit law, consideration of these advertising policies in the course of resolving Facebook's Motion is proper. In deciding a motion to dismiss, the Court may consider documents outside of the pleadings that are "incorporated in [the complaint] by reference," or any document "upon which the complaint solely relies and which is integral to the complaint," as well as "matters of which judicial notice may be taken." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 63 n.4 (2d Cir. 2012). Plaintiffs' Complaint makes repeated reference to Facebook's advertising policies. *See* Compl. ¶¶ 66-68, 103-104.

In addition, the Court may take judicial notice of Facebook's policies and terms for the purpose of establishing that this content is displayed to users on Facebook's website and is publicly available on the Internet. "'For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.'" *Volpe v. Am. Language Comm'cn Ctr., Inc.*, 200 F. Supp. 3d 428, 430 (S.D.N.Y. 2016) (quoting *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015)); *see also 23-34 94th St. Grocery Corp. v. N.Y. City Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) (taking judicial notice of contents of a website).

Facebook notes that judicial notice is not necessary with respect to Exhibits C, D, and E of the Ring Declaration and the exhibits to the Declaration of Michael Duffey (although these documents would also be proper subjects of judicial notice), because these exhibits are offered in

support of Facebook's motion to transfer venue to the Northern District of California. *See, e.g.*, *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 23 n.1 (S.D.N.Y. 2016) ("[I]n deciding a motion to transfer, a court may consider material outside of the pleadings.").

## III. CONCLUSION

Pursuant to Federal Rule of Evidence 201, and for the reasons stated above, the Court should take judicial notice of Exhibits A and B to the accompanying Declaration of Rosemarie T. Ring.

DATED:  June 4, 2018

MUNGER, TOLLES & OLSON LLP

By: */s/ Rosemarie T. Ring*
ROSEMARIE T. RING
Attorneys for Defendant Facebook, Inc.

MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105
(415) 512-4000

ROSEMARIE T. RING
rose.ring@mto.com
JONATHAN H. BLAVIN
jonathan.blavin@mto.com
JOSHUA PATASHNIK
josh.patashnik@mto.com
ELIZABETH A. KIM
elizabeth.kim@mto.com