# EXHIBIT G

1  ROSEMARIE T. RING (State Bar No. 220769)
   rose.ring@mto.com
2  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
3  JOSHUA PATASHNIK (State Bar No. 295120)
   josh.patashnik@mto.com
4  ELIZABETH A. KIM (State Bar No. 295277)
   elizabeth.kim@mto.com
5  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
6  Twenty-Seventh Floor
   San Francisco, California 94105-2907
7  Telephone:   (415) 512-4000
   Facsimile:   (415) 512-4077
8
   Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISIONS

| | |
|---|---|
| BERT RIDDICK and ALLAN CANDELORE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.; and DOES 1 through 5,000,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(San Mateo County Superior Court Case No. 16-CIV-02526) |

DEFENDANT FACEBOOK, INC.'S NOTICE OF REMOVAL

| | |
|---|---|
|1| TO THE CLERK OF THE ABOVE-ENTITLED COURT:|
|2| PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453,|
|3|Facebook, Inc. ("Facebook") hereby removes the above-captioned matter, pending as Case Number|
|4|16-CIV-02526 in the Superior Court of the State of California for the County of San Mateo (the|
|5|"Action"), to the United States District Court for the Northern District of California, San|
|6|Francisco/Oakland Divisions.  In support of this Notice of Removal, Facebook states the following:|
|7| 1. On November 23, 2016, Plaintiffs Bert Riddick and Allan Candelore, individually|
|8|and on behalf of a putative class of *California Facebook users*, filed the Action in the Superior|
|9|Court of the State of California for the County of San Mateo against Defendant Facebook, Inc.|
|10|Plaintiffs assert claims for purported violations of California Civil Code §§ 51 and 51.5.  Plaintiffs|
|11|filed a First Amended Complaint on December 12, 2016, alleging the same California class and|
|12|claims.  Both the initial complaint and the First Amended Complaint also alleged that the Action|
|13|was not removable to federal court under the Class Action Fairness Act.|
|14| 2. On July 12, 2018, Plaintiffs filed a Second Amended Complaint ("SAC") alleging the|
|15|same claims on behalf of a putative class of *all Facebook users* and removed allegations that the|
|16|Action was not removable to federal court under the Class Action Fairness Act.  Defendants|
|17|received a copy of the SAC from Plaintiffs' counsel by email on July 12, 2018.|
|18| 3. The Action is a putative class action over which this Court has original jurisdiction|
|19|pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), and may be|
|20|removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441, 1446 and 1453.  This is a (i)|
|21|class action; (ii) in which at least one member of the putative class of plaintiffs is a citizen of a state|
|22|different from that of the Defendant; (iii) the number of members of the putative class is not less|
|23|than 100; (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interest and|
|24|costs; and (v) this Notice of Removal was timely filed following Defendant's receipt of a copy of|
|25|the SAC.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B); *id.* § 1446(b)(3); *id.* § 1453(b).|
|26| |
|27| |
|28| |

-1-
DEFENDANT FACEBOOK, INC.'S NOTICE OF REMOVAL

## REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

4. <u>Covered Class Action</u>. A case satisfies CAFA's class action requirement if it is "filed under Rule 23 of the Federal Rules of Civil Procedure *or similar State statute* . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). The Action satisfies this requirement. Plaintiffs' bring their claims pursuant to California Code of Civil Procedure § 382, which is California's equivalent to Rule 23 of the Federal Rules of Civil Procedure. *See* SAC ¶ 44 ("This action has been brought and may properly be maintained pursuant to Code of Civil Procedure section 382."); *Baumann v. Chase Inv. Serv. Co.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (referring to Cal. Civ. Code § 382 as "the California class action statute"). Plaintiffs purport to bring the Action on behalf of "[a]ll Facebook users at any time within the three years before the original Complaint in this action was filed, and continuing through the date of trial, who were not sent an advertisement to the users' Facebook page for products, accommodations, advantages, facilities, privileges, employment opportunities, housing, or services because Facebook advertisers and Facebook used Facebook's Multicultural Affinity, Exclude People, or Include People tool to exclude Facebook users from being sent ads and the information or contact in those ads based on the users' sex, race, color, religion, ancestry, national origin, marital status, citizenship, primary language, immigration status or other personal characteristics added by the courts to those characteristics protected by Civil Code sections 51 and 51.5 (the 'Class')." SAC ¶ 41.

5. <u>Diversity</u>. CAFA's diversity requirement is satisfied when *any* member of a putative class of plaintiffs is a citizen of a state different from *any* defendant. 28 U.S.C. § 1332(d)(2)(A). As alleged in the SAC, Defendant Facebook, Inc. is incorporated in Delaware with its principal place of business in California. SAC ¶ 36. Plaintiffs' proposed class of all Facebook users include members who are citizens of states other than California and Delaware, the two states in which Defendant is a citizen for purposes of federal diversity jurisdiction. SAC ¶ 41; *see also* 28 U.S.C. § 1332(c) (defining citizenship of corporation for purposes of diversity jurisdiction as states where corporation is incorporated and has its principal place of business). Accordingly, the Action satisfies CAFA's diversity requirement.

6. <u>The Putative Class Exceeds 100 Members</u>. Plaintiffs allege that the number of putative class members is in the "tens or hundreds of millions." SAC ¶ 44(a). Accordingly, the putative class exceeds 100 members.

7. <u>Amount in Controversy.</u> CAFA's amount in controversy requirement is satisfied if the claims of individual class members, when aggregated, exceed $5,000,000 exclusive of interests and costs. 28 U.S.C. § 1332(d)(2), (6). That amount in controversy is satisfied here based on the allegations of the SAC.[1] Plaintiffs allege that the number of putative class members is in the "tens or hundreds of millions." SAC ¶ 44(a). Plaintiffs seek statutory damages of $4,000 on behalf of each putative class member. SAC ¶¶ 15, 45; *see also* Cal. Civ. Code § 52. Accordingly, the amount in controversy exceeds $5,000,000. *See, e.g., Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (noting that courts may consider statutory damages for purposes of calculating amount in controversy); *Shierkatz Rllp v. Square, Inc.*, 2015 WL 9258082, at *3 (N.D. Cal. Dec. 17, 2015) ("Because the minimum statutory damage award under the Unruh Act is $4,000, Cal. Civ. Code § 52, Shierkatz has pleaded that the amount in controversy exceeds $5,000,000, as required by 28 U.S.C. 1332(d)(2)."). Plaintiffs also seek injunctive relief, SAC at 26, the value of which may also be included within the amount in controversy requirement, further ensuring that the $5,000,000 figure is satisfied here. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

8. <u>No CAFA Exceptions</u>. This case does not fall within any exception to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

**Procedural Matters**

9. <u>No Waiver or Admission</u>. This Notice of Removal is presented for the purpose of establishing jurisdiction only. Facebook denies the allegations and damages claimed in the SAC, and files this Notice of Removal without waiving any defenses, exceptions, or obligations that may

---

[1] An evidentiary showing of the amount in controversy is unnecessary to support a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). If Plaintiffs contest, or the Court questions, whether the allegations in this Notice of Removal suffice to invoke federal jurisdiction, Defendant reserves the right to submit evidence and argument to the Court establishing that the jurisdictional requirements are met. *Id.* The amount in controversy may be supported by plausible assertions, supplemented with evidence in the event of a challenge. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015).

-3-
DEFENDANT FACEBOOK, INC.'S NOTICE OF REMOVAL

exist in its favor in either state or federal court. Nothing herein shall constitute an admission as to any of the allegations in the SAC, including whether Plaintiffs are entitled to bring this case as a class action or recover any relief whatsoever as a result of their claims.

10. <u>Removal is Timely</u>. Facebook obtained a copy of the SAC from Plaintiffs' counsel via email on July 12, 2018. Thus, this notice of removal is timely, as it is being "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The one-year limitation to removal does not apply to an amended pleading removed pursuant to CAFA. 28 U.S.C. § 1453(b); *Roth v. CHA Hollywood Medical Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.").

11. <u>Removal to Proper Court</u>. This Court is part of the "district and division embracing the place where" the Action was filed – San Mateo County. 28 U.S.C. § 1446(a).

12. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" or obtained by Defendant is attached as exhibits to the Declaration of Rosemarie T. Ring, filed concurrently herewith.

13. <u>Filing and Service</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Mateo, and will be served on all counsel of record. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

BASED ON THE FOREGOING, Defendant hereby removes this Action, now pending as Case No. 16-CIV-02526 in the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, San Francisco/Oakland Divisions.

|   |   |   |
|---|---|---|
| 1 | DATED:  July 26, 2018 | MUNGER, TOLLES & OLSON LLP |
| 2 | | ROSEMARIE T. RING |
| | | JONATHAN H. BLAVIN |
| 3 | | JOSHUA PATASHNIK |
| | | ELIZABETH A. KIM |

By:  _____*/s/ Rosemarie T. Ring*_____
　　　ROSEMARIE T. RING
Attorneys for Defendant Facebook, Inc.

-5-
DEFENDANT FACEBOOK, INC.'S NOTICE OF REMOVAL