# Exhibit C

FILED

2010 JUL 24 AM 9:07

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

NO. 18-2-18287-5 SEA

In re:

FACEBOOK, INC.

Respondent.

ASSURANCE OF
DISCONTINUANCE

## I.    INTRODUCTION

1.1.    The State of Washington (State), by and through its attorneys, Robert W. Ferguson, Attorney General, Marsha Chien, Assistant Attorney General, and Daniel Davies, Assistant Attorney General, files this Assurance of Discontinuance pursuant to the Consumer Protection Act (CPA), RCW 19.86.020.

1.2.    Facebook Inc. ("Facebook") is a for-profit corporation organized under the laws of Delaware with headquarters in Menlo Park, California.

1.3.    This Assurance of Discontinuance, entered into between the State and Facebook (the "Parties"), resolves the State's concerns that Facebook engaged in unfair acts or practices under RCW 19.86.020 based on its development and operation of an advertising platform with targeting options for reaching Facebook users that the State contends could indicate a Protected Characteristic (as defined in Section 3.2.6) and may have been used improperly by third-party advertisers to exclude those users from receiving advertisements for housing, employment, credit, insurance and/or public accommodations in violation of RCW 49.60.030(1).

ASSURANCE OF DISCONTINUANCE - 1

1       1.4.    Facebook believes that its advertising platform fully complies with all applicable

2  laws, denies that it has engaged in any act or practice in violation of RCW 19.86.020, RCW

3  49.60.030(1), or any other law, and contends that Section 230 of the Communications Decency

4  Act of 1996 bars any claim against Facebook arising from or relating to the availability, use, or

5  potential use of the challenged targeting tools on its advertising platform. Facebook does not

6  admit the allegations in this Assurance of Discontinuance but consents to this Court's jurisdiction

7  solely for purposes of entering into this AOD and any actions by the State based on a violation of

8  this AOD.

9       1.5.    Nonetheless, because Facebook is committed to ensuring that its platform is used

10  by third-party advertisers and others in an inclusive manner, Facebook has agreed to this

11  Assurance of Discontinuance to strengthen Facebook's existing prohibitions against

12  discrimination on Facebook.

13                **II.    INVESTIGATION**

14       2.1.    In November 2016, the State initiated an investigation into the use of ethnic

15  affinity targeting options on Facebook's platform by third-party advertisers.  Based on that

16  investigation, the State alleges the following:

17       2.2.    Facebook developed and operates a platform that allows advertisers to create

18  and target advertisements using thousands of options based on user interests, including, at

19  certain times, interests in one or more of the following ethnic affinities: "African American

20  (US)", "Asian American (US)", "Hispanic(US-All)", "Hispanic (US-Bilingual)", "Hispanic

21  (US-Spanish dominant)", and "Hispanic (US-English dominant)" (collectively, "ethnic affinity

22  targeting options").  There is no targeting option based on Caucasian or European American

23  interests.

24       2.3.    Facebook users may be associated with no ethnic affinities or with one or more

25  ethnic affinities based on their interests as expressed through activities on Facebook, *e.g.*,

26

ASSURANCE OF DISCONTINUANCE - 2

1  "likes" and/or other interactions with Facebook content.  These associations are not based on

2  knowledge of a user's race, ethnicity or cultural background.

3      2.4.    Facebook does not require use of ethnic affinity targeting by any advertisers.

4  Advertisers who chose to use the ethnic affinity targeting options may have included or

5  excluded those options from the audiences for their advertisements.

6      2.5.    For example, if a third-party advertiser chose to include the ethnic affinity

7  targeting option "African American (US)" for a particular advertisement, users who were

8  associated with that targeting option would have been eligible (but not guaranteed) to receive

9  that advertisement depending on variable inputs to Facebook's advertising auction and delivery

10  technologies, including without limitation advertising preferences set by users and other

11  targeting options selected by the advertiser.  Similarly, if a third-party advertiser chose to

12  exclude the ethnic affinity targeting option "African American (US)" for a particular

13  advertisement, the associated users would not have been eligible to receive that advertisement

14  on the Facebook platform.

15      2.6.    Some third-party advertisers have chosen to target advertisements they created

16  and placed on the Facebook platform using the ethnic affinity targeting options.

17          **III.    ASSURANCE OF DISCONTINUANCE**

18      3.1.    The State alleges that the following constitutes unfair acts and practices in

19  violation of RCW 19.86.020:  Development and operation of an advertising platform that

20  allows third-party advertisers to exclude persons from receiving advertisements for

21  employment, housing, credit, insurance and/or places of public accommodation based on

22  membership in any of the following protected classes under RCW 49.60.030(1): race, creed,

23  color, national origin, veteran or military status, sexual orientation, or disability status.

24      3.2.    Although Facebook denies these allegations, Facebook agrees to take the

25  following steps intended to prevent third party advertisers from excluding persons from

26  receiving advertisements for employment, housing, credit, insurance and/or places of public

ASSURANCE OF DISCONTINUANCE - 3

1  accommodation based on the Protected Characteristics to the extent they affect citizens of

2  Washington State:    Within the Exclusion Targeting Tool of the Advertising Platform,

3  Facebook will not allow third-party advertisers the option of limiting the audience for Covered

4  Advertisements using Covered Targeting Options for residents of Washington State as the

5  capitalized terms are defined below:

6        3.2.1. "Advertising Platform" means Facebook's advertiser-facing, self-serve

7  online tool for the creation and placement of advertisements on Facebook's service.

8        3.2.2. "Exclusion Targeting Tool" means the function within the Advertising

9  Platform that allows an advertiser to define the potential audience for an advertisement by

10  choosing to "exclude" certain targeting options from that audience.  For the sake of clarity, the

11  function within the Advertising Platform that allows an advertiser to define the potential

12  audience for an advertisement by choosing to "include" certain targeting options for that

13  audience shall not be considered to be within the Exclusion Targeting Tool.

14        3.2.3. "Covered Targeting Options" means targeting options within the

15  Exclusion Targeting Tool that, on their face, directly describe a group of Facebook users as

16  possessing a Protected Characteristic.

17        3.2.3.1.    For the sake of clarity and by way of example, Facebook

18  would not allow the option within the Exclusion Targeting Tool to limit audiences based on a

19  targeting category for "Chinese people" or "Wheelchair users" because these categories, on

20  their face, act as direct descriptors of Protected Characteristics. However, Facebook would not

21  remove targeting categories such as "Chinese literature" or "Disability rights" as those

22  categories identify interests and do not describe Protected Characteristics.

23        3.2.5. "Covered    Advertisements"    means    "Housing    Advertisements,"

24  "Employment Advertisements," "Credit Advertisements," "Insurance Advertisements," and

25  "Public Accommodations Advertisements," which shall be defined as follows:

26

ASSURANCE OF DISCONTINUANCE - 4

1          3.2.5.1. "Housing Advertisement" means an advertisement identified

2 by Facebook as offering a housing opportunity.

3          3.2.5.2. "Employment Advertisement" means an advertisement

4 identified by Facebook as offering an employment opportunity.

5          3.2.5.3. "Credit Advertisement" means an advertisement identified by

6 Facebook as offering a credit opportunity.

7          3.2.5.4. "Insurance Advertisement" means an advertisement identified

8 by Facebook as an offer for an insurance product.

9          3.2.5.5. "Public Accommodation Advertisement" means advertisements

10 placed by advertisers whose Facebook Pages have been self-classified by the advertiser into

11 the categories listed in Appendix A.

12          3.2.6. "Protected Characteristic" means the following characteristics: race,

13 creed, color, national origin, veteran or military status, sexual orientation (as defined in RCW

14 49.60.040), or disability status.

15                   **IV. RELEASE, IMPLEMENTATION AND MODIFICATIONS**

16      4.1      Release. The undersigned attorneys, on behalf of the State, agree to release and

17 hold harmless Facebook and its officers, employees, directors, successors, affiliates, parents,

18 subsidiaries, assigns, principals, and agents from any and all causes of action that the State may

19 have against Facebook, including under RCW 19.86.020, RCW 49.60.030, insofar as those

20 causes arise from or relate to the availability, use, or potential use of tools or features that allow

21 third-party advertisers using Facebook's advertising platform to target or exclude consumers from

22 receiving Covered Advertisements on or before the Effective Date of this Assurance, as defined

23 below.

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit & Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 442-4492

4.2     Notice and cure.  The Parties agree that the steps required to implement Section 3.2 of this Assurance involve a high degree of technical complexity and the coordination of multiple systems and business teams within Facebook.  In light of that extraordinary complexity, the State agrees that if it believes that Facebook is not in compliance with this Assurance, and before seeking to enforce this Assurance, the State shall contact Facebook to attempt to resolve the State's concern, providing a cure period of 30 days, before initiating any public or formal action, provided that Facebook has undertaken reasonable efforts to implement the requirements of Section 3.2 of this Assurance.

4.3     Timeline for Implementation.  The Parties agree that Facebook shall implement the steps set forth in Section 3.2 within 90 days of the entry of this Assurance of Discontinuance.

4.4     Future consultation on Covered Targeting Options.  The Parties reserve the right to discuss the continued viability and potential modifications of any or all of these provisions as they are implemented in the future, having due regard for changes in laws and regulations, as well as changes in equipment, technology, or methodology of the Advertising Platform.

4.5     This Assurance shall not be considered or construed in any way as an admission of a violation of any law for any purpose.  However, proof of failure to comply with this Assurance of Discontinuance shall be *prima facie* evidence of a violation of RCW 19.86.020 in accordance with RCW 19.86.100.  Proof of failure to comply with this Assurance of Discontinuance does not constitute *prima facie* evidence of any other basis for asserting a violation of RCW 19.86.020 or any other law including RCW 49.60.030.

ASSURANCE OF DISCONTINUANCE - 6

1        **V.    PAYMENT TO STATE**

2        5.1.    Within thirty (30) days of entry of this Assurance of Discontinuance, Facebook

3    shall pay $90,000.00 to the Attorney General of Washington. The Attorney General shall use the

4    payment for recovery of its fees and costs in investigating this matter, monitoring compliance

5    with this Assurance of Discontinuance, future enforcement of RCW 49.60 and RCW 19.86, or

6    for any lawful purpose in the discharge of the Attorney General's duties at the sole discretion of

7    the Attorney General.

8        5.2.    No part of the payment or relief required by this Assurance of Discontinuance

9    shall be designated as a civil penalty, fine, and/or forfeiture.

10        **VI.    ADDITIONAL PROVISIONS**

11        6.1.    The parties acknowledge and agree that no other promises, representations, or

12    agreements of any nature have been made or entered into by the parties. The parties further

13    acknowledge that this Assurance of Discontinuance constitutes a single and entire agreement that

14    is not severable or divisible, except that if any provisions herein are found to be legally

15    insufficient or unenforceable, the remaining provisions shall continue in full force and effect.

16        APPROVED on this ____ day of _____, 2018.

17

18                                    JUDGE/COURT COMISSIONER

19

20    Presented by:                    HENRY H. JUDSON

21    ROBERT W. FERGUSON                    JUL 24 2018
      Attorney General

22                                    COURT COMMISSIONER

23
      MARSHA CHIEN, WSBA #47020
24    Assistant Attorney General
      Civil Rights Unit
25    DANIEL DAVIES, WSBA #41793
      Assistant Attorney General
26

ASSURANCE OF DISCONTINUANCE - 7                    ATTORNEY GENERAL OF WASHINGTON
                                                   Civil Rights Unit & Consumer Protection Division
                                                   800 Fifth Avenue, Suite 2000
                                                   Seattle, WA 98104-3188
                                                   (206) 442-4492

1    Consumer Protection Division

2    Attorneys for State of Washington

3    Office of the Attorney General
4    800 Fifth Avenue, Suite 2000
     Seattle, WA 98104
5    (206) 389-3886
     marshac@atg.wa.gov
6

7    Agreed to and approved for entry by:

8
     FACEBOOK, INC.
9

10   /s/ *Eric P. Tuttle*
11   ERIC P. TUTTLE, WSBA # 46820
     MUNGER, TOLLES & OLSON LLP
12   560 Mission Street
     San Francisco, California 94105
13   (415) 512-4000
     Eric.Tuttle@mto.com
14

15   Attorneys for Facebook, Inc.

16

17

18

19

20

21

22

23

24

25

26

ASSURANCE OF DISCONTINUANCE - 8