UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; FAIR HOUSING JUSTICE CENTER, INC.; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; FAIR HOUSING COUNCIL OF GREATER SAN ANTONIO,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | No: 18 Civ. 2689 (JGK) |

## DECLARATION OF LISA RICE IN OPPOSTION TO DEFENDANT'S MOTION TO TRANSFER VENUE, OR ALTERNATIVELY TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

LISA RICE declares, under penalty of perjury, that the following is true and correct:

1. I am the President and CEO of the National Fair Housing Alliance ("NFHA"), a Plaintiff in this action. I submit this declaration in opposition to Defendant Facebook's Inc.'s motion to transfer venue, or alternatively to dismiss Plaintiffs' First Amended Complaint.

2. NFHA is a private nonprofit corporation located at 1331 Pennsylvania Avenue NW, Washington, D.C. 20004. NFHA's mission is to end discrimination in housing and promote residential integration throughout the United States.

3. Litigating this case in the Northern District of California instead of the Southern District of New York would be a hardship for NFHA's limited resources and sparse personnel.

**Burden Imposed on NFHA Employees**

4. Despite operating as a national organization, NFHA has only seventeen full-time employees.

1

5. At least two of these employees, who are located in Washington D.C., would be witnesses in this case. Among other things, I would be a witness to testify about the organization's frustration of mission as a result of Facebook's unlawful discrimination and NFHA's diversion of resources to combat Facebook's conduct. In addition, I anticipate another NFHA employee, who oversaw the investigation described in Paragraphs 84-93 of the First Amended Complaint, to testify as a fact witness regarding the findings of NFHA's investigation.

6. A former NFHA employee, who conducted much of the investigation described in Paragraphs 84-93 of the Complaint, will also testify on Plaintiffs' behalf. This witness is now located on the east coast in Hartford, Connecticut.

7. Although NFHA's employees will have to travel either way to testify at trial and participate in other aspects of the litigation (for example, depositions, court hearings or settlement conferences), traveling to New York City requires far less time out of the office and away from normal job duties than traveling to San Jose, California.

8. NFHA employees and witnesses can travel from Washington, D.C., or Connecticut, to New York City by train, bus, or car. If this case remains in New York, NFHA employees would be able to testify and participate in the litigation while spending only one day out of the office per appearance in New York.

9. Flights from Washington, D.C. to San Jose on most major airlines, including American, Delta, United, and Frontier, require a connection and on average require seven to eight hours of travel each way. That is assuming the minimum travel time, as it presumes there are no delays or missed connections. If this case is transferred to San Jose, NFHA employees would not be able to testify and participate in the litigation without spending three days out of the office, as simply getting to and from San Jose would require two full travel days.

**NFHA's Financial Burden**

10. NFHA's annual budget is $4,991,647 of which $678,000 are restricted pass-through funds which NFHA cannot use for its operations.

11. NFHA's total budget allocated to travel expenses is $191,549.

12. All of those travel expenses, however, are dedicated to specific projects or philanthropically-funded activities. None of NFHA's travel-related expenses come from NFHA's General Fund account, which is non-discretionary.

13. Because NFHA's funding is primarily derived from grants, it is either impossible or extremely difficult for NFHA to re-allocate funds from one project or activity to another. For example, federal government grant funds may not be used for travel except in extremely limited circumstances which do not include this case.

14. Between the cost of flights and hotels, even a single trip to San Jose for two witnesses would certainly exceed the budget NFHA has been able to allocate towards travel for this litigation.

15. As explained in Paragraph 9 above, every trip to San Jose would require NFHA employees to spend at least two, and possibly three, nights in a hotel depending on flight availability. It is possible that no hotels will be needed if this case remains in New York. At most, one night in a hotel would be needed if a witness was needed to appear early in the morning.

16. Travel to and from California and the hotel costs necessary to litigate in San Jose would represent a financial burden for the organization.

17. Although NFHA has an additional case currently pending in the Northern District of California, that case was filed in 2016, and NFHA was able to budget at that time for the cost

of litigation travel associated with that case accordingly. NFHA does not have funds to build into its budget additional expenditures to accommodate travel to litigate a second case in California.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 23, 2018
Washington, D.C.

_____
LISA RICE