UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; FAIR HOUSING JUSTICE CENTER, INC.; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; FAIR HOUSING COUNCIL OF GREATER SAN ANTONIO,<br><br>                    Plaintiffs,<br><br>     v.<br><br>FACEBOOK, INC.,<br><br>                    Defendant. | No: 18 Civ. 2689 (JGK) |

**DECLARATION OF KEENYA ROBERTSON IN OPPOSTION TO DEFENDANT'S MOTION TO TRANSFER VENUE, OR ALTERNATIVELY TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

KEENYA ROBERTSON declares, under penalty of perjury, that the following is true and correct:

1. I am the President and CEO of Housing Opportunities for Project Excellence, Inc. ("HOPE"), a Plaintiff in this action. I submit this declaration in opposition to Defendant Facebook's Inc.'s motion to transfer venue, or alternatively to dismiss Plaintiffs' First Amended Complaint.

2. HOPE is a private nonprofit corporation located at 11501 NW 2nd Avenue, Miami, Florida 33168. HOPE's mission is to fight housing discrimination in Miami-Dade and Broward Counties and to ensure equal housing opportunities throughout Florida.

3. Litigating this case in the Northern District of California instead of the Southern District of New York would impose a significant hardship on HOPE's limited resources and sparse personnel.

1

**Burden Imposed on HOPE Employees**

4. Despite serving the major metropolitan areas of Miami and Ft. Lauderdale, Florida, and their surrounding suburbs, HOPE only has six full-time employees and two part-time employees.

5. At least two of these eight employees, who are located in Miami, would be witnesses in this case. I would be a witness to testify about the organization's frustration of mission as a result of Facebook's unlawful discrimination and HOPE's diversion of resources to combat Facebook's conduct. Another HOPE employee, who performed the investigation described in Paragraphs 103-108 of the First Amended Complaint, would also testify as a fact witness regarding the findings of HOPE's investigation. A third HOPE Employee, HOPE's Education and Outreach Coordinator who implemented HOPE's campaign to combat Facebook's discrimination, may also testify as a fact witness.

6. The majority of HOPE's work is human-resource driven, and any extended absences from the office and our service area compromise the organization's ability to meet its goals and contractual obligations.

7. Although HOPE's employees will have to travel either way to testify at trial and participate in other aspects of the litigation (for example, depositions, court hearings or settlement conferences), traveling to New York City requires less time out of the office and away from normal job duties than traveling to San Jose, California.

8. Flights from Miami or Fort Lauderdale to New York City average under three hours each way. If this case remains in New York, HOPE employees would be able to testify and participate in the litigation while spending only one day out of the office per appearance in New York.

9. Flights from Miami or Fort Lauderdale to San Jose on all major airlines, including American, Delta, United, JetBlue, and Frontier, require a connection and on average require eight to ten hours of travel each way. That is assuming the minimum travel time, as it presumes there are no delays or missed connections. If this case is transferred to San Jose, HOPE employees would not be able to testify and participate in the litigation without spending three days out of the office, as simply getting to and from San Jose would requires two full travel days.

**HOPE's Financial Burden**

10. HOPE's annual budget is $800,000.

11. Approximately 65% of that $800,000 consists of grants and contracts that restrict the use of funds to certain activities. These restrictions prevent those funds, approximately $520,000, from being used to help fund costs related to this litigation.

12. At the beginning of 2018, the United States Department of Housing and Urban Development ("HUD") imposed a two-month delay on releasing funds on its grants, including grants which help to fund HOPE's day-to-day operations. This delay forced HOPE to use its scarce cash reserves to maintain existing staff and continue its operations in January and February 2018. HOPE was forced to use approximately $71,000 of its $280,000 not restricted by grants or contracts simply to maintain operations during that time. A delay in release of HUD funds is not unusual and this year, HUD has not yet issued a Notice of Funding Availability for 2019 which indicates that there may be a similar type of delay in 2019 as well.

13. Flights from Miami or Fort Lauderdale to New York City are on average half as expensive as flights from Miami or Fort Lauderdale to San Jose, imposing less of a burden on the organization's limited resources for litigation-related travel.

14. If this case remains in New York, HOPE would only need to stay one night in a hotel for each case-related meeting or court appearance.

15. As explained in Paragraph 9 above, every trip to San Jose would require HOPE employees to spend at least two, and possibly three, nights in a hotel depending on flight availability.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 23rd, 2018
Miami, Florida

_____
KEENYA ROBERTSON